JS 44C/SDNY
REV 12/2005

**CIVIL COVER SHEET**

JUDGE CHIN

07 CV 6797

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
JONATHAN SANDOVAL CANELA on his own behalf and on behalf of others similarly situated

DEFENDANTS
THE TIRE DEPOT INC. and JOSE A. JUAREZ, an individual

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Helen F. Dalton & Associates, PC
69-12 Austin Street, Forest Hills, NY 11375
(718-263-9591)

ATTORNEYS (IF KNOWN)

RECEIVED JUL 27 2007 U.S.D.C. S.D. N.Y. CASHIERS

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
Title 29 U.S.C. Fair Labor Standards Act. Plaintiff seeks to recover unpaid overtime, minimum wages, liquidated damages, costs & attorneys fees

Has this or a similar case been previously filed in SDNY at any time? No ☒ Yes? ☐ Judge Previously Assigned

If yes, was this case Vol.☐ Invol. ☐ Dismissed. No☐ Yes ☐ If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY) **NATURE OF SUIT**

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[x] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 HIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,000    OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____    DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| (PLACE AN x IN ONE BOX ONLY) | | ORIGIN | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2a Removed from State Court ☐ 2b Removed from State Court AND at least one party is a pro se litigant | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441) |
|---|---|---|---|
| ☐ 1 U S PLAINTIFF   ☐ 2 U S DEFENDANT | ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY) | ☐ 4 DIVERSITY | |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

JONATHAN SANDOVAL CANELA
1307 Edward L Grant Highway, Apt 4C
Bronx, NY 10452

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

"THE TIRE DEPOT INC ",
1240 Jerome Ave,
Bronx, New York 10457

JOSE A JUAREZ, an individual
2439 THIRD Street, Apt 5
FORT LEE, New Jersey 07024

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE   SIGNATURE OF ATTORNEY OF RECORD   ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. 11   Yr 2006 )
RECEIPT #   Attorney Bar Code # HD3231

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN   DISTRICT OF   NEW YORK

JONATHAN SANDOVAL CANELA, on his own behalf and on the behalf of others similarly situated

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

THE TIRE DEPOT INC., and
JOSE A. JUAREZ, an individual,

**07 CV 6797**

**JUDGE CHIN**

TO: (Name and address of defendant)

"THE TIRE DEPOT INC.",
1240 Jerome Ave,
Bronx, New York 10457

JOSE A JUAREZ, an individual
2439 THIRD Street, Apt 5
FORT LEE, New Jersey 07024

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Helen F. Dalton and Assoc. P.C
69-12 Austin Street
Forest Hills, NY 11375
(718) 263-9591

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                        JUL 27 2007

CLERK                                                    DATE

(BY) DEPUTY CLERK

JUDGE CHIN                    07 CV    6797

Helen F. Dalton & Associates, PC
Helen F. Dalton (HD 3231)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JONATHAN SANDOVAL CANELA, on his own behalf and on
the behalf of others similarly situated,

       Plaintiff,     COMPLAINT

 -against-         JURY TRIAL
              DEMANDED

THE TIRE DEPOT INC., and
JOSE A. JUAREZ, an individual,

       Defendants.
----------------------------------------------------------X

1. Plaintiff, JONATHAN SANDOVAL CANELA (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, PC, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

2. Plaintiff, through undersigned counsel, brings this action against "THE TIRE DEPOT INC.", and JOSE A. JUAREZ an individual (collectively, "Defendants"), to recover damages for egregious violations of federal and state minimum wage and overtime laws arising out of Plaintiff's employment at the "THE TIRE DEPOT INC.", located at 1240 Jerome Ave Bronx, New York, 10457.

3. Plaintiff was employed by Defendants to work as a Mechanic at the "THE TIRE DEPOT INC.", from approximately June 1st, 2004 until his employment was terminated on April 18th, 2007. Although Plaintiff worked approximately sixty-nine (69) hours or more per week during the period of June of 2004

through April of 2007, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law

4. Although Plaintiff was working at "THE TIRE DEPOT INC.", from approximately June 01, 2004 until December of 2004, January 2005 until December 2005, January 2006 until December 2006, January 2007 until April 18, 2007, Defendants failed to pay Plaintiff minimum wages of $5.15, $6.00, $6.75 and $7.15 per hour, respectively, for these periods, in accordance with the New York Minimum Wage Act, New York Labor Law §652.

5. Although Plaintiff worked at "THE TIRE DEPOT INC." FROM APPROXIMATELY June 1, 2004 until April 18, 2007, Defendants failed to pay minimum hourly wage of $5.15, in violation of Fair Labor Standards Act, 29 U.S.C. §206(a).

6. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

11. Plaintiff, Jonathan Canela Sandoval, resides at 1307 Edward L Grant Highway, Apt 4C Bronx, NY 10452, in Bronx County, New York and was employed by Defendants at "THE TIRE DEPOT INC.", in Bronx, New York from on or about June 01, 2004 until April 18, 2007.

12. Upon information and belief, Defendants, "THE TIRE DEPOT INC.", is a corporation organized under the laws of New York with a principal executive office at 1240 Jerome Ave Bronx, New York, 10457.

13. Upon information and belief, Defendants, "THE TIRE DEPOT INC.", is a corporation authorized to do business under the laws of New York.

14. Upon information and belief, Defendant JOSE A JUAREZ, owns and/or operates 141 RESTAURANT INC. that does business under the name ""THE TIRE DEPOT INC."," at 1240 Jerome Ave Bronx, New York, 10457.

15. Upon information and belief, Defendant Defendants JOSE A JUAREZ, is the Chairman of the Board of "THE TIRE DEPOT INC.",

16. Upon information and belief, Defendant JOSE A JUAREZ, is the Chief Executive Officer of "THE TIRE DEPOT INC.",

17. Upon information and belief, Defendant JOSE A JUAREZ, is an agent of "THE TIRE DEPOT INC.",

18. Upon information and belief, Defendant JOSE A JUAREZ, has power over personnel decisions.

19. Upon information and belief, Defendant JOSE A JUAREZ, has power over payroll decisions.

20. Defendant JOSE A JUAREZ has the power to hire and fire employees at the "THE TIRE DEPOT INC.", establish and pay their wages, set their work schedule, and maintains their employment records.

21. During relevant times, Defendant JOSE A JUAREZ, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

22. On information and belief, "THE TIRE DEPOT INC.", is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the

3

entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

23. Plaintiff, Jonathan Canela Sandoval, was employed by Defendants at the "THE TIRE DEPOT INC.", in the Bronx, New York, between approximately June 01, 2004 and April 18th, 2007.

24. During his employment by Defendants at "THE TIRE DEPOT INC.", Plaintiff's primary duties were construction fixing and rotating tires and performing other miscellaneous duties as directed by supervisors and managers.

25. Defendants usually created work schedule, requiring Plaintiff to work well more than forty (40) hours per week.

26. Plaintiff, Jonathan Canela Sandoval, was employed by Defendants to work as a Mechanic, between approximately June 01, 2004 until his employment was terminated on April 18, 2007. Although Plaintiff worked approximately sixty-nine (69) hours or more per week during the period of June of 2004 through April of 2007, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

27. In fact, the schedule created by Defendants required Plaintiffs to work approximately sixty-nine (69) hours per week.

28. Despite the long hours that Plaintiff worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from June 01, 2004 until April 18, 2007.

29. At all relevant times, Plaintiff did not receive any tips or bonuses during his employment.

4

30. At all relevant times, the FLSA, 29 U.S.C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 per hour from June 01, 2004 until April 18, 2007.

31. At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff minimum wages of between $5.15, $6.00, $6.75 and $7.15 an hour.

32. Defendants have willfully failed to pay Plaintiff minimum wages for his services and labor, and in so doing have willfully violated the requirements of New York State Minimum Wage laws.

33. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

34. During many or all weeks in which Plaintiff was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

35. Defendants did not pay Plaintiff for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

36. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the company as required by both NYLL and the FLSA.

37. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

38. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

39. Defendants willfully violated Plaintiff's rights and fraudulently violated the requirements of the FLSA and NYLL by paying Plaintiff every few days, so as to avoid paying the required overtime rate for hours worked over forty (40) in a single workweek.

5

## FIRST CAUSE OF ACTION

### Minimum Wages Under The Fair Labor Standards Act

40. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

42. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

43. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

44. Defendants willfully failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of 29 U.S.C. §206(a).

45. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

46. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Minimum Wages Under New York Labor Law

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

49. At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.

6

50. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §62.

51. Defendants also failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

52. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to one-quarter of his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

### THIRD CAUSE OF ACTION
#### Overtime Wages Under The Fair Labor Standards Act

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b).

55. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

56. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

57. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

58. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to their compensation of Plaintiff.

59. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b).

### FOURTH CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

60. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

61. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

62. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

63. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to one-quarter of his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

### FIFTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten

(10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y.C.R.R. § 142-2.4

66. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 663 (1).

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;

b. Awarding Plaintiff unpaid minimum wages, overtime wages and spread of hours;

c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff prejudgment and post-judgment interest;

e. Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 13th day of July 2007.

*/s/ Helen F. Dalton*
Helen F. Dalton, Esq. (HD 3231)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN SANDOVAL CANELA, on his own behalf and others similarly situated,

       Plaintiff,

  against-

"THE TIRE DEPOT INC.", and
JOSE A JUAREZ, an individual,

       Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

TO:  "THE TIRE DEPOT INC.",
      1240 Jerome Ave,
      Bronx, New York 10457

      JOSE A JUAREZ,
      2439 THIRD Street, Apt 5
      FORT LEE, New Jersey 07024