Law Offices of Steven I. Hilsenrath
  Steven I. Hilsenrath (SIH 5604)
Attorneys for the Defendants
1803 Gravesend Neck Road
Brooklyn, New York 11229
718-615-4550


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
JONATHAN SANDOVAL CANELA, on behalf
and on the behalf of others similarly
situated                                    **ANSWER**
                              Plaintiff,

     -against-                              Case NO:07-CIV-6797(SJ)(RER)

THE TIRE DEPOT INC. and JOSE A. JUAREZ
an individual,

                              Defendant.

-----------------------------------------x

     DEFENDANTS, THE TIRE DEPOT INC. and JOSE A. JUAREZ, an

individual, as and for their Answer to plaintiff's Complaint, alleges

upon information and belief, as follows.

     1.   Denies knowledge of information sufficient to form a belief

as to the allegations contained in paragraphs designated 1 and 2 of

the Complaint.

     2.   Denies the allegations contained in paragraphs designated 3,

4, 5 and 6 of the Complaint.

     3.   Consents to the jurisdiction of this Court in reply to the

allegations contained in paragraphs designated 7, 8, 9 and 10 of the

Complaint.

     4.   Denies the allegations contained in paragraph 11, of the

Complaint, but admits that plaintiff was employed by The tire Depot

Inc. for a portion of the alleged period.

5.    In reply to the allegations contained in paragraph 12 of the Complaint, Admits that The Tire Depot Inc., is a New York Corporation, but denies having a *principal executive office*.

6.    Admits the allegations contained in paragraph 13 of the Complaint.

7.    Denies the allegations contained in paragraphs designated, 14, 15, 16, 17, 18, 19, 20, 21 and 22 of the Complaint

8.    In response to paragraphs 23 and 24, it is admitted that Jonathan Canela Sandoval was employed by The Tire Depot for a portion of the alleged period and that his work involved servicing vehicle tires.  The allegations contained in paragraphs designated 23 and 24 are otherwise denied.

9.    Denies the allegations contained in paragraphs designated 25, 26, 27, 28 and 29 of the Complaint.

10.    In response to paragraphs designated 30 and 31 of the Complaint, the existence of the Statutes are admitted, but all allegations of statutory violations are denied.

11.    Denies the allegations contained in paragraphs designated 32, 33, 34, 35, 36, 37, 38 and 39 of the Complaint.

12.    Repeats all of the above mentioned statements in response to the allegations contained in paragraph designated 40 of the Complaint.

13.    Denies knowledge or information sufficient to form a response as to the allegations contained in paragraphs designated 41 and 42 of the Complaint.

14.    Denies the allegations contained in paragraphs designated 43, 44, 45 and 46 of the Complaint.

15    Repeats all of the above mentioned statements in response to the allegations contained in paragraph 47 of the Complaint.

16.    In response to the allegations contained in paragraphs 48 and 49 of the complaint, it is admitted that plaintiff Jonathan Sandoval Canela was employed for part of the alleged period.  All allegations relating to Statute violations are denied.

17.    Denies the allegations contained in paragraphs designated 50, 51, and 52 of the Complaint.

18.    Repeats all of the above mentioned statements in response to the allegations contained in paragraph designated 53 of the Complaint.

19.    Denies knowledge or information sufficient to form a response to the allegations contained in paragraphs designated 53 and 54 of the Complaint.

20.    Denies the allegations contained in paragraphs designated 56, 57, 58 and 59 of the Complaint.

21.    Repeats all of the above statements, in response to the allegations contained in paragraph designated 60 of the Complaint.

22.    Admits that plaintiff Jonathan Sandoval Canela was employed by The Tire Depot for a portion of the alleged period. However, all statutory violations are denied.

23.    Denies the allegations contained in paragraphs designated 62 and 63 of the Complaint.

24.    Repeats all of the above statements in response to the allegations contained in paragraph designated 64 of the Complaint.

25.    Denies the allegations contained in paragraphs designated 65 and 66 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

26.    The Complaint fails to disclose the actual dates of Jonathan Sandoval Canela's employment, account for sick vacation and other time off taken by Jonathan Sandoval Canela and fails to account for all payments made for commissions and other payments received by Jonathan Sandoval Canela.

WHEREFORE, it is respectfully requested that this Court dismiss the Complaint, in its entirety, and award the defendants such other relief and further as the Court deems just and proper.

Dated: Brooklyn, New York
       August 7, 2008

Law Offices of Steven Hilsenrath
Steven I. Hilsenrath (SIH 5604)
Attorneys for Defendants
1803 Gravesend Neck Road
Brooklyn, New York 11229
718-615-4550

To: Helen F. Dalton and Assoc. P.C.
    Roman Avshalumov (RA 5508)
    Attorneys for Plaintiff
    69-12 Austin Street
    Forest Hills, New York 11375
    718-263-9591